RICHARD LEROY MORGAN, Appellant, v. THE STATE
OF NEVADA, Respondent.

No. 41593

May 5, 2004                                         88 P.3d 837

*Michael R. Specchio,* Public Defender, and *John Reese Petty,*
Chief Deputy Public Defender, Washoe County, for Appellant.

*Brian Sandoval,* Attorney General, Carson City; *Richard A.
Gammick,* District Attorney, and *Terrence P. McCarthy,* Deputy
District Attorney, Washoe County, for Respondent.

Before Rose, Maupin and Douglas, JJ.

## OPINION

*Per Curiam:*

In this case, we consider whether the district court erred in
denying a pretrial suppression motion based on a claim of an un-
lawful arrest. The district court ruled that appellant Richard Leroy
Morgan's arrest for a misdemeanor traffic offense was lawful be-
cause Morgan was driving with a suspended driver's license and
had a previous history of failing to appear in court. We agree and,
therefore, affirm the judgment of conviction.

### FACTS

While on patrol in downtown Reno on the night of February 21,
2001, Reno Police Officer Jason Stallcop observed an individual
driving a vehicle down the street with its lights off. Officer
Stallcop testified, at a pretrial suppression hearing, that he flashed
his vehicle lights to get the driver to turn his vehicle lights on, but
was unsuccessful. Officer Stallcop then initiated a traffic stop of

the vehicle for the misdemeanor offense of failure to turn headlights on.

Morgan, the driver of the vehicle, was cooperative and provided Officer Stallcop with the vehicle registration and proof of insurance. When Officer Stallcop asked to see Morgan's driver's license, Morgan handed him a California identification card. A subsequent Department of Motor Vehicles check revealed that Morgan's California driver's license had been suspended for failure to pay fines and that Morgan had, on several occasions, failed to pay fines or appear in court. Officer Stallcop testified that he believed Morgan was "not fit" for misdemeanor citation based primarily on the guidelines set forth in a police department general order. He therefore arrested Morgan for the misdemeanor traffic offense.

During the booking procedure at the Washoe County Jail, law enforcement officers strip-searched Morgan and discovered approximately 34 grams of cocaine. Subsequently, Morgan was charged with a trafficking offense for possessing over 28 grams of cocaine.

Prior to trial, Morgan filed a motion to suppress the cocaine as the fruit of an unlawful arrest. The State opposed the motion. After conducting an evidentiary hearing, the district court denied Morgan's motion to suppress. Morgan was thereafter convicted, pursuant to a one-day jury trial, of level-three trafficking in a controlled substance.[1] The district court sentenced him to serve a prison term of 10 to 25 years.

## DISCUSSION

On appeal, Morgan contends that the district court erred in denying his pretrial motion to suppress the cocaine seized during the course of the strip search because the seizure was the result of an unlawful arrest. Relying on *State v. Bayard*,[2] Morgan argues that the police officer acted unreasonably in arresting him for a misdemeanor traffic offense because he cooperated with the police officer, produced valid identification, and never engaged in conduct indicating that he would fail to honor a traffic summons. We conclude that the district court did not abuse its discretion in denying Morgan's pretrial suppression motion because, in light of his prior conduct of failing to pay fines or appear in court, the police officer's decision to arrest Morgan was not arbitrary or unreasonable.

In *Bayard,* this court ruled that "[a]bsent special circumstances requiring immediate arrest, individuals should not be made to endure the humiliation of arrest and detention when a citation will

---

[1]*See* NRS 453.3385(3).

[2]119 Nev. 241, 71 P.3d 498 (2003).

satisfy the state's interest."[3] In so ruling, this court discussed the guidelines for arresting an individual for a misdemeanor traffic offense. First, a police officer has discretion to arrest an individual for a misdemeanor traffic offense if special circumstances exist where the "officer has probable cause to believe other criminal misconduct is afoot."[4] Second, pursuant to NRS 484.795(1), an arrest for a misdemeanor traffic offense is mandatory "[w]hen the person does not furnish satisfactory evidence of identity or when the peace officer has reasonable and probable grounds to believe the person will disregard a written promise to appear in court."[5]

In this case, we conclude the district court did not err in ruling that Morgan's arrest was lawful. There was sufficient evidence presented that Officer Stallcop had "reasonable and probable grounds" to believe that Morgan would disregard the written notice to appear in court and therefore the arrest was lawful pursuant to NRS 484.795(1). Specifically, at the pretrial suppression hearing, Officer Stallcop testified that, although Morgan was cooperative, a subsequent driver's license check revealed that Morgan had a suspended driver's license for failure to pay fines and that Morgan had previously failed to appear in court. Officer Stallcop testified that he arrested Morgan based on a Reno Police Department general order, which he described as follows:

> If the officer believes the crime is going to continue, then [he] shall make the arrest. If [the individual's license has] been suspended or revoked for failure to pay fines, we also make the arrest because we don't believe that he's going to pay fines if we issue the citation.

We disagree with Morgan that the general order, as described by Officer Stallcop, runs afoul of our holding in *Bayard*. The general order provides guidelines for arresting an individual for a misdemeanor traffic offense that comport with both *Bayard* and NRS 484.795(1).

In *Bayard,* we sought to prohibit the humiliation of custodial arrest based on an arbitrary basis, such as an officer's hunch or whim, or an improper justification, such as race or religion.[6] We concluded that Bayard's arrest violated the Nevada Constitution because there was no evidence presented in the proceedings below that Bayard would not respond to a traffic summons or that would support a probable cause finding that Bayard was engaged in crim-

---

[3]*Id.* at 247, 71 P.3d at 502.

[4]*Id.*

[5]*See also Collins v. State,* 113 Nev. 1177, 1180, 946 P.2d 1055, 1058 (1997).

[6]119 Nev. at 247, 71 P.3d at 502.

inal activity.[7] Here, as previously discussed and unlike the facts in *Bayard,* there was sufficient evidence presented to ensure that the decision to arrest was not arbitrary or unlawful. Specifically, Morgan had his driver's license revoked for failing to pay court-imposed fines and had previously failed to appear in court. Accordingly, we conclude that the district court did not err in denying Morgan's pretrial suppression motion. We therefore affirm the judgment of conviction.[8]

---

[7]*Id.* at 247, 71 P.3d at 502-03; *see also* Nev. Const. art. 1, § 18.

[8]We have reviewed all documents that Morgan has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that Morgan has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.